**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

ZHEJIANG DUSHEN NECKTIE CO., LTD., a limited company organized and existing under the laws of the People's Republic of China,

Plaintiff,

v.

E.C. GLOBAL, INC., a Florida corporation, EROS FEDERICO CATTANEO a.k.a. Eros Cataneo, an individual, IDA T. CATTANEO a.k.a. IDA ARNESE, an individual, BLUE MED, INC., a Florida corporation, NEO DESIGN, INC., a Florida corporation, PANDORA HOLDING GROUP, INC., a Florida corporation, and E.H.I. LLC, a Florida limited liability company,

Defendants.

CASE NO.: 1:16cv24679

## **COMPLAINT**

Plaintiff, Zhejiang Dushen Necktie Co., Ltd. ("Plaintiff" or "Dushen"), by and through its undersigned counsel, sues Defendants E.C. Global, Inc. ("E.C. Global"), Eros Federico Cattaneo a.k.a. Eros Cataneo ("Cattaneo"), Ida T. Cattaneo a.k.a. Ida Arnese ("Arnese"), Blue Med, Inc. ("Blue Med"), Neo Design, Inc. ("Neo Design"), Pandora Holding Group, Inc. ("Pandora Holding"), and E.H.I. LLC ("E.H.I."), and states as follows:

## NATURE OF THE ACTION

1. This is a civil action for breach of contract under the United Nations Convention on Contracts for the International Sale of Goods, S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.L.M. 671, *reprinted at* 15 U.S.C. app. (1997) ("CISG"). This action also includes a claim for piercing the corporate veil. For all of the foregoing, Plaintiff seeks monetary relief, including damages, interest, and costs.

## THE PARTIES

2. Plaintiff Dushen is a limited liability company organized and existing under the laws of the People's Republic of China ("China" or "P.R.C."), with its registered office and principal place of business located at the East Economic Development Zone, Shengzhou, Zhejiang Province, China. Plaintiff is engaged in the business of manufacturing and exporting neckties, scarfs, and other garments.

3. Defendant E.C. Global is a dissolved corporation organized and existing under the laws of the State of Florida, with its principal place of business and address of its Registered Agent located at 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149. The same address is the home address of Defendants Cattaneo and Arnese, and also serves and/or has served as the principal place of business, mailing address and/or the Registered Agent address for Defendants Blue Med, Neo Design, Pandora Holding and E.H.I.

4. Defendant Cattaneo is *sui juris*, a resident of the State of Florida, and is the spouse of Defendant Arnese. He is domiciled at an address identical to that of the current and/or former principal place of business for all corporate defendants to this action: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149. Cattaneo serves as the sole Director, President, Registered Agent, Secretary, and Treasurer of Defendants E.C. Global, Blue Med, and Neo Design, as the sole

President and Registered Agent of Defendant Pandora Holding, and as the sole Manager and Registered Agent of Defendant E.H.I.  On information and belief, Cattaneo is a majority shareholder in all corporate defendants to this action.

5. Defendant Arnese is *sui juris*, a resident of the State of Florida, and is the spouse of Defendant Cattaneo.  She is also domiciled at the current and/or former principal place of business and Registered Agent address for all corporate defendants to this action: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149.  Arnese serves as the sole Vice President and Vice Secretary of Defendants E.C. Global and Neo Design, as the sole Vice President of Defendants Blue Med and Pandora Holding Group, and as the sole Treasurer and Secretary of Defendant E.H.I.  On information and belief, Arnese holds shares in all corporate defendants to this action.

6. Defendant Blue Med is a corporation organized and existing under the laws of the State of Florida.  Its principal place of business and Registered Agent address is the same as the domicile address for Defendants Cattaneo and Arnese, is the same address as the principal place of business and Registered Agent address for Defendant E.C. Global, is the same address as the principal place of business at the time of incorporation and Registered Agent address for Defendant Pandora Holding, and is the same address as the principal place of business at the time of incorporation for Defendant E.H.I.: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149.

7. Defendant Neo Design is a corporation organized and existing under the laws of the State of Florida.  Its principal place of business at the time of incorporation is the same as the principal for all the other corporate defendants: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149.  Its Registered Agent address is also the same as for Defendants E.C. Global, Blue Med and Pandora Holding: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149. Its current principal

place of business is the same as the current principal place of business for Defendants Pandora Holding and E.H.I.: 2144 NW 7th Ave., Miami, FL 33127.

8. Defendant Pandora Holding is a corporation organized and existing under the laws of the State of Florida. Its principal place of business at the time of incorporation is the same as the principal for all the other corporate defendants: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149. Its Registered Agent address is also the same as for Defendants E.C. Global, Blue Med and Neo Design: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149. Its current principal place of business is the same as the current principal place of business for Defendants Pandora Holding and E.H.I.: 2144 NW 7th Ave., Miami, FL 33127.

9. Defendant E.H.I. is a limited liability company organized and existing under the laws of the State of Florida. Its principal place of business at the time of incorporation is the same as the principal for all the other corporate defendants: 709 Crandon Blvd. PH 10, Key Biscayne, FL 33149-2224. Its current principal place of business is the same as the current principal place of business for Defendants Neo Design and Pandora Holding: 2144 NW 7th Ave., Miami, FL 33127. Its Registered Agent address is: 2144 NW 7th Ave., Miami, FL 33127.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this controversy is between citizens of a State and citizens or subjects of a foreign state. This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331, because this is a civil action arising under the Constitution, laws, or treaties of the United States.

11.     Venue is proper under 28 U.S.C. §§ 1391(b)-(c), because at all relevant times, all Defendants were residents of the State of Florida and of this District, and a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### **GENERAL ALLEGATIONS**

12.     As of October 11, 2012, E.C. Global, by and through Cattaneo and Arnese, had accumulated an outstanding balance with Plaintiff of $391,777.09 on past orders, and the parties had worked out an arrangement whereby that balance was being paid down while additional orders were made and fulfilled.  From October 11, 2012 and thereafter, no fewer than 74 purchase orders for valuable garments and fabrics (the "Purchase Orders"), at an agreed total contract price of $395,436.14, were submitted to Plaintiff, all of which Plaintiff fulfilled and delivered.  Plaintiff continued to receive payments at various intervals through November 18, 2013.  *See* Accounts Receivable List of E.C. Global, Inc. (the "Statement of Account"), attached as Exhibit A.

13.     Plaintiff fully fulfilled all of its contractual obligations.  Specifically, Plaintiff diligently filled all Purchase Orders presented, submitted written invoices and packing lists, and promptly shipped conforming goods to the address provided by E.C. Global.  *See, e.g.,* Commercial Invoices, Packing Lists, and Bills of Lading for Purchase Order 1063 of August 2, 2012 (the "Invoices and Shipping Documents"), attached as Exhibit B.

14.     To date, despite Plaintiff's prompt fulfillment of the Purchase Orders and delivery of all goods that E.C. Global has purchased, E.C. Global has made no other payment to Plaintiff. As a result, an outstanding balance of no less than $380,392.20 remains due and owing by E.C. Global to Plaintiff, exclusive of interest, costs, attorneys' fees, and incidental and consequential damages. *See* Statement of Account, Exhibit A.

15. Unbeknownst to Plaintiff, on February 24, 2014, E.C. Global – by and through Cattaneo – filed Articles of Dissolution with the Florida Secretary of State. The dissolution was subsequently revoked with the filing of Articles of Revocation of Dissolution on April 21, 2014. Then, also unbeknownst to Plaintiff, on May 5, 2014, E.C. Global, by and through Cattaneo, filed another "Notice of Corporate Dissolution. *See* Dissolution Filings of E.C. Global, Inc. ("Dissolution Filings"), attached as Exhibit D. E.C. Global never served the Notice of Dissolution upon Plaintiff. In fact, E.C. Global did not give Plaintiff any indication of the company's purported dissolution until June 24, 2014.

16. On June 24, 2014, Plaintiff sent an email to E.C. Global making demand on the outstanding balance owed. "As you know you still have around $390,000 not yet pay us [sic], we have receive[d] a wire from you from 11.15.2013, it had been long time for us, Eros . . . Jessica gave me a good news that you will start pay the wire from the end of May, but no wire received until now, why?" See June 24, 2014 email exchange, attached as Exhibit E ("June 24 Email").

17. In response, E.C. Global stated:

"Hi, Lilly, i am sorry i did not write you before but we have been busy restructuring the companies. Tie business is still very very soft all with customers still owe us money therefore i am also in a big crush of cash flow. We will try to help you as much as possible but it will take a while. I am s[o]rry to let you know that we had to close E[.C.] Global [I]nc. And just operation with other partners with a different company but i am only a partner not the main boss anymore, regardless we will try to do the best we can to help you."

This statement does not comport with the notice requirements governing known claims against dissolved corporations, including but not limited to those set forth under Section 617.1408(2), Florida Statutes.

18.     On June 24, 2015 and July 3, 2015, through the China Council for the Promotion of International Trade, Plaintiff made demand upon E.C. Global for payment of the balance due. See Plaintiff's Demand Letters to E.C. Global, Inc. (the "Demand Letters"), attached as Exhibit C.

19.     Plaintiff has suffered incidental and consequential damages as a foreseeable and proximate result of E.C. Global's breach of contract.

20.     Plaintiff has retained the undersigned law firms to represent it in this matter, for which it is obliged to pay a reasonable fee.

21.     All conditions precedent for filing this action have been performed, have been waived, or would otherwise be futile to perform.

### COUNT I
### PIERCING THE CORPORATE VEIL
### (AGAINST ALL DEFENDANTS)

22.     Plaintiff re-alleges paragraphs 1 through 21 above as if fully alleged herein.

23.     Cattaneo and Arnese have been conducting, managing, and controlling the affairs of E.C. Global, Blue Med, Neo Design, Pandora Holding, and E.H.I.

24.     Cattaneo and Arnese have held themselves out to Plaintiff as inseparable with, and indistinguishable from, E.C. Global.

25.     Cattaneo and Arnese wield such complete dominion and control over E.C. Global, Blue Med, Neo Design, Pandora Holding, and E.H.I. such that those corporate Defendants are mere instrumentalities or agents, or alter egos, of Cattaneo and Arnese.

26. Cattaneo and Arnese have used, and continue to use, E.C. Global to mislead or to perpetrate a fraud. Specifically, and without limitation, Cattaneo and Arnese have used, and continue to use, E.C. Global's status as a corporate entity – which is capable of being dissolved and which they did in fact dissolve – as a means to evade payment of the outstanding debt owed to Plaintiff, and to escape their contractual liability to Plaintiff, all the while benefitting from Plaintiff's full compliance with and complete fulfillment of its own commitments under the parties' contract.

27. Cattaneo and Arnese have used, and are continuing to use, Blue Med, Neo Design, Pandora Holding, and E.H.I. to mislead or to perpetrate a fraud. Specifically, on information and belief, Cattaneo and Arnese have used, and continue to use, Blue Med, Neo Design, Pandora Holding, and E.H.I. as vehicles for the harboring of funds constituting the debt owed by E.C. Global to Plaintiff, so as to give the false appearance of insolvency or illiquidity on the part of E.C. Global, in their continuing efforts to evade payment of this outstanding debt, and to escape their contractual liability to Plaintiff.

28. On information and belief, Cattaneo and Arnese have comingled the funds and business relationships of E.C. Global, Blue Med, Neo Design, Pandora Holding, and E.H.I. with those of their own. Also on information and belief, E.C. Global, Blue Med, Neo Design, Pandora Holding, and E.H.I. have failed to follow corporate formalities in a manner consistent with their purportedly separate corporate identities.

29. There is such unity of interest and ownership that the separate identities of the Cattaneo, Arnese, E.C. Global, Blue Med, Neo Design, Pandora Holding, and E.H.I. no longer exist, and such that Cattaneo, Arnese, Blue Med, Neo Design, Pandora Holding, and E.H.I. are liable to Plaintiff to the same extent as E.C. Global.

30. Plaintiff has suffered damages as a result of Defendants' conduct.

WHEREFORE, Plaintiff demands judgment against all Defendants in the sum of $380,392.20, plus prejudgment interest, post-judgment interest at a rate prescribed under Sections 687.01 and 55.03, Florida Statutes, and for attorney's fees, costs, incidental and consequential damages, and such further relief as the Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT UNDER THE CISG
### (E.C. GLOBAL)

31. Plaintiff re-alleges paragraphs 1 through 30 above as if fully alleged herein.

32. The United Nations Convention on Contracts for the International Sale of Goods ("CISG") governs Plaintiff's breach of contract claim, because Plaintiff is domiciled in China and E.C. Global is domiciled in the United States, both of these countries have ratified the CISG, and neither party has agreed to exclude the CISG's application.

33. Plaintiff and E.C. Global entered into multiple valid, legally enforceable contracts in the form of Purchase Orders for the purchase and delivery of valuable garments and fabrics, wherein E.C. Global has an unpaid balance on the total contract price of $380,392.20. *See* Statement of Account, Exhibit A.

34. For each and every Purchase Order, Plaintiff promptly shipped and delivered conforming goods to E.C. Global in accordance with the specifications received, fulfilling all of its contractual obligations. *See, e.g.,* Invoice and Shipping Documents, Exhibit B.

35. Specifically, under the CISG, the Purchase Orders placed by E.C. Global constitute written offers for the procurement of goods from Plaintiff. The invoices and packing lists provided by Plaintiff to E.C. Global constitute acceptance under the CISG. Plaintiff's acceptance and

performance has in turn triggered payment obligations on the part of E.C. Global, pursuant to, and without limitation, Articles 23, 58(1), and 74 of the CISG and other applicable law.

36. To date, of the total contract price, an outstanding balance of $380,392.20 remains due and owing by E.C. Global to Plaintiff, exclusive of interest, costs, attorneys' fees, and incidental and consequential damages. *See* Statement of Account, Exhibit A.

37. E.C. Global never denied receipt of the conforming goods delivered by Plaintiff and, in fact, Cattaneo has confirmed the debt.

38. Plaintiff has suffered damages as a result of E.C. Global's breach.

39. Plaintiff is entitled to recover pre-judgment interest on the outstanding balance of $380,392.20 from E.C. Global under Article 78 of the CISG, which provides that "[i]f a party fails to pay the price or any other sum that is in arrears, the other party is entitled to interest on it, without prejudice to any claim for damages recoverable under article 74 [for breach of contract]." CISG, Art. 78.

WHEREFORE, Plaintiff demands judgment against E.C. Global, Inc. in the sum of $380,392.20, prejudgment interest, post-judgment interest at a rate prescribed under Sections 687.01 and 55.03, Florida Statutes, and for attorney's fees, costs, incidental and consequential damages, and such further relief as the Court deems just and appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all causes of action so entitled.

Dated: November 8, 2016

>Guilday, Simpson, West, Hatch, Lowe & Roane, P.A.
>1983 Centre Pointe Blvd. S-200
>Tallahassee, Florida 32308
>Firm: 850.224.7091 Fax: 850.222.2593
>
>/s/Thomas J. Guilday
>Thomas J. Guilday (Florida Bar No. 180872)
>Catherine B. Chapman (Florida Bar No. 148814)
> (application for admission to the Southern District is pending)
>Email: Tom@guildaylaw.com
>Email: Catherine@guildaylaw.com
>
>   and
>
>**ALSTON & BIRD LLP**
>Peter Masaitis (California Bar No. 202006)
>Leib M. Lerner (California Bar No. 227323)
>333 S. Hope Street
>Sixteenth Floor
>Los Angeles, CA 90071
>(213) 576-1000 (Telephone)
>(213) 576-1100 (Facsimile)
>Email: peter.masaitis@alston.com
>Email: leib.lerner@alston.com
>*Pro hac vice to be filed*
>
>Attorneys for Plaintiff ZHEJIANG DUSHEN NECKTIE CO., LTD.